In re PICKER.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

ATTORNEY AND CLIENT ⬉⟶44—DISBARMENT—PROCEEDINGS.

Where respondent's client refused to comply with an agreement to waive part of the sum due on a chattel mortgage, and against respondent's advice refused to accept the amount tendered, respondent, an attorney, having offered to return the amount paid him on behalf of his client, is not guilty of professional misconduct.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⬉⟶44.]

Proceeding by the Association of the Bar of the City of New York against Louis M. Picker, an attorney, for professional misconduct. Charges dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City, for petitioner.
Samuel I. Frankenstein, of New York City, for respondent.

INGRAHAM, P. J. The charges in this case involve the action of the respondent in connection with the purchase of a drug store by one Knecht from Eletz, who was the respondent's client. Knecht gave Eletz a chattel mortgage on the drug store for $1,000, and on June 11, 1915, there remained unpaid for principal and interest $770. Desiring to sell the drug store to one Fraser, a purchaser who had been procured by Knecht, Eletz by an instrument in writing agreed to receive the sum of $666 in full for his chattel mortgage, and, based upon that agreement, Knecht entered into a contract with Fraser to sell the drug store. After the contract with Fraser had been made, Eletz refused to throw off the $100, and insisted upon the payment of the whole of $770 due on his chattel mortgage. Knecht tendered to Eletz the amount which he had agreed to pay, $666, which Eletz refused to accept, who then assigned the mortgage to one Luskin, a dummy acting for Eletz, and Luskin then insisted upon the payment of the whole amount, which Knecht was compelled to pay in order to carry out his contract with Fraser.

There was $100 paid by Knecht to the respondent, on account of the amount of $666 which Eletz had agreed to accept, and it is charged that the respondent was a party to Eletz's refusal to carry out his contract, and thus compelling Knecht to pay the extra $100, which Eletz had agreed to deduct from the amount due him. In the answering affidavit submitted by the respondent, it is quite satisfactorily shown that the respondent endeavored to persuade Eletz to accept the $666 in full; but it was Eletz who refused, and from all the facts it would appear that the respondent is not in any way responsible for the failure of Eletz to complete his contract. It also appears that the respondent was willing and offered to repay the $100 he had received, but that Eletz refused to accept it, proceeding to hold Knecht to his contract.

There does not seem to have been any professional misconduct in the action of respondent in regard to the notes given by Fraser on the purchase. In view of the affidavits which were submitted, it is quite apparent that the respondent was not guilty of such professional misconduct as would warrant discipline.

The charges are therefore dismissed. All concur.